**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**HYUNDAI MOTOR FINANCE COMPANY**　　　　　　　　　　　　　　**PLAINTIFF**

**VS.**　　　　　　　　　　　　**4:06CV01714-WRW**

**MCKAY MOTORS I, LLC &
JOHN P. MCKAY, JR.**　　　　　　　　　**DEFENDANT/COUNTER-CLAIMANTS
THIRD-PARTY PLAINTIFFS**

**HYUNDAI MOTOR AMERICA, INC.**　　　　　　　**THIRD-PARTY DEFENDANT**

## ORDER

Pending is Plaintiff Hyundai Motor Finance Company's ("Hyundai") Motion for Judgment as a Matter of Law (Doc. No. 127). Defendants McKay Motors I, LLC ("McKay Motors") and John P. McKay, Jr. ("McKay") have responded,[1] and Plaintiff has replied.[2]

### I.　BACKGROUND

On January 7, 2005, McKay Motors and Hyundai executed an inventory loan and security agreement ("Agreement"). In the Agreement, Hyundai agreed to extend credit to McKay Motors so McKay could purchase new and used vehicles. McKay Motors agreed to repay Hyundai the amount advanced when each financed vehicle was sold. McKay also personally guaranteed the obligations of McKay Motors to Hyundai under a guaranty agreement.[3]

On July 19, 2006, Hyundai discovered that McKay Motors had sold vehicles subject to the Agreement but failed to pay the proceeds to Hyundai as contracted.[4] When a dealer sells

---

[1] Doc. No. 132.

[2] Doc. No. 136.

[3] Doc. No. 97.

[4] *Id.*

1

vehicle inventory subject to an inventory loan and security agreement, like the one here, and fails to remit the required proceeds to the inventory lender, it is called "selling out of trust."[5] In response, Hyundai Finance sent a demand letter on July 19, 2006 asking McKay for immediate payment of the "sold out of trust" balance of $228,246.00.[6] After receiving the demand letter, McKay informed Hyundai Finance that he could not make immediate payment because his assets were tied up in the loan provided by Bank of Little Rock. McKay then explained that the Bank of Little Rock would provide $500,000 line of credit if Hyundai paid off the interim loan.

On December 20, 2006, Hyundai filed this action against McKay and McKay Motors seeking money damages and replevin of the collateral of Hyundai Finance.[7] At the time the complaint was filed, McKay and McKay Motors owed an amount equal to but not less than $1,456,353.85.

After several replevin hearings, a May 1, 2007 Order was entered, which directed McKay and McKay Motors to deliver motor vehicles to Hyundai and authorized Hyundai to liquidate them under the Uniform Commercial Code.[8] Hyundai was to apply the net proceeds to the debt owned by McKay and McKay Motors.

On May 8, 2006, another Order was entered directing McKay and McKay Motors to make available to or deliver into the possession of Hyundai Finance (1) all personal property of McKay Motors held for sale or lease; and (2) all office furniture, shop equipment, computer equipment and records, tools, lease improvements, and other personal property owed by McKay

---

[5]Doc. No. 97.

[6]*Id.*

[7]Doc. No. 1.

[8]Doc. No. 51.

Motors that Hyundai Finance claimed as its collateral.[9]  Again, the net proceeds of the liquidation were to be applied to the indebtedness owed to Hyundai Finance by McKay and McKay Motors.  The collateral was sold at auction, but it did not satisfy the balance owed.  A deficiency of $608,694.26 plus $210,462.55 of interest remained unpaid.

After a four day trial, the jury awarded Hyundai $276,000 for its breach of contract claim. Hyundai now asks for judgment as a matter of law regarding the damages the jury awarded.  It argues that the unconverted evidence at trial shows that it should receive $819,156.81.  McKay and McKay Motors contend that evidence was presented at trial that shows Hyundai failed to mitigate its damages, and the jury's award should be upheld.

## II.    STANDARD

A motion for judgment as a matter of law following a jury verdict -- a.k.a. motion for judgment notwithstanding the verdict ("JNOV") -- is governed by Federal Rule of Civil Procedure 50.  Judgment as a matter of law is appropriate when the evidence, viewed in the light most favorable to the verdict, was such that no reasonable juror could have returned a verdict for the nonmoving party.[10]  "Judgment as a matter of law is proper when the record contains no proof

beyond speculation to support the verdict."[11]  The court does not weigh the evidence, determine the credibility of the witnesses, or substitute its conclusions for that of the jury.  A court should

---

[9]Doc. No. 53.

[10]*Minnesota Supply Co. v. Raymond Corp*, 472 F.3d 524, 536 (8th Cir. 2006).

[11]*Larson by Larson v. Miller*, 76 F.3d 1446, 1452 (8th Cir. 1996).

review all of the evidence in the record, including any evidence unfavorable to the non-moving party that "the jury is required to believe."[12]

## III. DISCUSSION

At trial, Sam Frobe, Hyundai's National Credit Manager, testified that Hyundai could have required McKay and McKay Motors to pay the sold out of trust balance at any time. However, Hyundai delayed payment until the real estate loan closed. Further, evidence at trial showed that McKay and McKay Motors had the funds available to pay the balance as of July 19, 2006 -- the date of the demand letter. Because of the failed real estate loan along with other circumstance, McKay Motors fell deeper into debt. If the real estate loan would have been completed, it appears that McKay Motors would have had the funds available to pay off its balance. Thus, evidence, viewed in the light most favorable to the verdict, was presented at trial that a reasonable juror could have returned damages amount for less than Hyundai demanded.

The jury returned a verdict of $276,000, close to the original amount that Hyundai demanded in its July 19, 2006 demand letter. If the parties could have closed the real estate contract, or if Hyundai demanded its payment immediately, Hyundai would have received the $228,246.00 it demanded originally. It appears the jury found that Hyundai failed to mitigate its damages and awarded Hyundai only its original demand amount plus interest.

## CONCLUSION

Accordingly, Plaintiff's Motion for Judgment as a Matter of Law (Doc. No. 127) is DENIED.

IT IS SO ORDERED this 3rd day of September, 2008.

---

[12] 9B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2529 (3d ed. 2008) (citing *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133 (2000)).

5

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE